UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| REMI YAZER and LUIS R. GONZALEZ, on behalf of themselves, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>     -against-<br><br>SSN HOTEL MANAGEMENT, LLC d/b/a RED ROOF INN, and SHRI HARI NEW YORK, LLC d/b/a RED ROOF INN, and PETER BHAIDASWALA a/k/a PETER BHAI a/k/a PIYUSH BHAIDASWALA, individually,<br>                    Defendants. | **COMPLAINT**<br><br>**Docket No.: 16-CV-1679**<br><br>Jury Trial Demanded |

REMI YAZER and LUIS R. GONZALEZ, (together as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against SSN HOTEL MANAGEMENT, LLC d/b/a RED ROOF INN ("SSN"), and SHRI HARI NEW YORK, LLC d/b/a RED ROOF INN ("Shri"), and PETER BHAIDASWALA a/k/a PETER BHAI a/k/a PIYUSH BHAIDASWALA, individually, ("Bhai"), (all, collectively, as "Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

<u>**NATURE OF CASE**</u>

1.      This is a civil action for damages and equitable relief based upon violations that the Defendants committed of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of

the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iv) the minimum wage provisions of the NYLL, NYLL § 160; 12 NYCRR § 146-1.2; (v) the NYLL's requirement that employers pay wages to their employees in accordance with the agreed upon and conditioned terms of employment, NYLL §§ 190, 191, and 663(1); (vi) the NYLL's requirement that employees receive one hour's pay at the minimum wage rate for any day in which the spread of hours exceeds ten, NYLL § 652(1); 12 NYCRR § 146-1.6; (vii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each pay day, NYLL § 195(3); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2.      Defendants are two entities that operate as a single business enterprise and that together run a popular hotel located at 38-05 Hunters Point Avenue, Long Island City, New York 11101 ("the Hotel"), and the individual who oversees and exercises operational control over the Hotel on a day-to-day basis.  Plaintiff Yazer has worked for Defendants at the Hotel from approximately October 2010 to the present, while Plaintiff Gonzalez worked for Defendants at the Hotel from approximately July 2010 to January 2015, both as front desk workers and night auditors.  Yazer also worked as a houseman.

3.      As described below, throughout their employment, Defendants willfully failed to pay Plaintiffs the wages lawfully due to them under the FLSA and the NYLL.  Specifically, for the entirety of their employment, the Defendants required Plaintiffs to routinely work, and Plaintiffs did in fact work, far in excess of forty hours each week or virtually each week, but Defendants, at their whim, only paid Plaintiffs for some of the hours worked over forty at the statutorily-required overtime rate while frequently paying Plaintiffs nothing for their hours

2

worked over forty.  Defendants also failed to pay Plaintiffs for all hours worked up to forty each week at their straight-time rates, paid Plaintiffs at an effective hourly rate below the minimum wage for each hour worked for many weeks of their employment, and additionally failed to pay Plaintiffs spread of hours premiums for each day when Plaintiffs worked in excess of ten hours. Lastly, Defendants failed to provide Plaintiffs with accurate wage statements on each payday as the NYLL requires.

4.      Defendants paid and treated all of their non-managerial employees working at the Hotel in the same manner.

5.      Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

6.      Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district, and pursuant to 28 U.S.C. §

1391(b)(2), as all actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9.      At all relevant times herein, Plaintiff Yazer worked and continues to work for Defendants in New York, and was and remains an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCRR.

10.     At all relevant times herein, Plaintiff Gonzalez worked for Defendants in New York, and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCRR.

11.     At all relevant times herein, Defendant SSN was and is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 5159 West Woodmill Drive, Suite 15, Wilmington, Delaware 19808. Defendant SSN is registered with the Delaware Department of State to receive service at 1119 South College Avenue, Newark, Delaware 19713 and is registered to receive service of process through its agent, Defendant Bhai.  SSN is not registered to do business in New York yet it does so anyway.

12.     At all relevant times herein, Defendant Shri was and is a domestic limited liability company with its principal place of business located at the same address as the Hotel, 38-05 Hunters Point Avenue, Long Island City, New York 11101.  Defendant Shri is registered with the New York State Department of State to receive service at 5159 West Woodmill Drive, Suite 15, Wilmington, Delaware 19808.

13.     At all relevant times, SSN and Shri had and have substantially identical, if not completely identical, management, business locations, equipment, employment policies,

4

customers, and/or ownership. They intermingled and intermingle financial books and records, jointly operated and operate the Hotel, and shared and share managerial employees. As a result of the foregoing, a continuity of operations and/or ownership between SSN and Shri existed and exists.

14.     At all relevant times herein, Defendant Bhai was and is the owner, president, and Chief Executive Officer of, and the individual authorized to receive process for, Defendant SSN. Defendant Bhai manages and oversees the day-to-day operations of the Hotel, and was and is ultimately responsible for all matters with respect to determining the Hotel's employees' rates and methods of pay and hours worked. Furthermore, Defendant Bhai had and exercised the power to hire and fire and approve all personnel decisions with respect to the Hotel's employees.

15.     At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and NYLL. Additionally, the two entity Defendants' qualifying annual business exceeded and exceeds $500,000, and these Defendants are engaged in interstate commerce within the meaning of the FLSA as they conduct business across state lines, as is evidenced by their organization and/or service addresses in Delaware and the operation of their business in New York. The entity Defendants also accept credit card payments pursuant to cardholder agreements with credit card companies located in different states. Furthermore, all of Defendants' employees, including Plaintiff and FLSA Plaintiffs, are required, on a daily or near daily basis, to serve customers who come from out of state, make and receive phone calls to/from individuals across state lines, and use other means of interstate commerce such as the internet to book and confirm reservations and process credit cards transactions for the Defendants' customers as part of their jobs working for Defendants. This independently subjects Defendants

to the overtime and minimum wage requirements of the FLSA with respect to Plaintiffs and FLSA Plaintiffs.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

16.     Plaintiffs seek to bring this suit to recover from Defendants unpaid minimum wage and overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who during the applicable FLSA limitations period, performed any work for Defendants at the Hotel, and who consent to file a claim to recover damages for minimum wage and overtime compensation that is legally due to them ("FLSA Plaintiffs").

17.     Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid at least the minimum wage for all hours worked; and (6) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

18.     At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, and to pay Plaintiffs and FLSA Plaintiff at the minimum wage rate for all hours worked, yet they purposefully and willfully chose and choose not to do so.

19.   Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, or at the minimum wage for all hours worked, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

20.   In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on their own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, Defendants subjected to violations of the NYLL and the NYCRR.

21.   Under FRCP 23(b)(3), Plaintiffs must plead that:

a.   The class is so numerous that joinder is impracticable;

b.   There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c.   Claims or defenses of the representative are typical of the class;

d.   The representative will fairly and adequately protect the class; and

e.   A class action is superior to other methods of adjudication.

22.   Plaintiffs seek certification of the following FRCP 23 class:

Current and former non-managerial employees, who worked for Defendants during the statutory period within the State of New York at the Hotel, who: (1) did not receive compensation from Defendants at the legally-required overtime rate of pay for each hour worked over forty hours; and/or (2) did not receive compensation from Defendants at the legally-required minimum wage rate of pay for each hour worked; and/or (3) did not receive compensation from Defendants at the agreed upon straight wage rate of pay for each hour worked; and/or (4) did not receive spread of hours pay for each workday exceeding ten hours; and/or (5) were not provided with accurate wage statements on each payday pursuant to NYLL § 195(3) ("Rule 23 Plaintiffs").

<u>Numerosity</u>

23.     During the previous six years, Defendants have, in total, employed at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

24.     There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked and work in excess of forty hours per week; (4) whether Defendants failed and fail to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty hours in a week; (5) whether Defendants failed and fail to pay Rule 23 Plaintiffs at least the proper minimum wage for all hours worked; (6) whether Defendants failed and fail to pay Rule 23 Plaintiffs the agreed upon straight wage for all hours worked; (7) whether Defendants failed and fail to pay Rule 23 Plaintiffs spread of hours premiums; (8) whether Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information that NYLL § 195(3) requires; (9) whether Defendants kept and maintained accurate records of hours that the Rule 23 Plaintiffs worked; (10) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (11) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (12) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (13) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

25.     As described in the "Background Facts" section below, Defendants employed and/or employ Plaintiffs and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as non-managerial employees, and Defendants failed to pay them overtime pay for all hours worked in a week over forty, the minimum wage for all hours worked, and/or the agreed upon straight rate for all hours worked, or to provide them with spread of hours premiums when appropriate or proper wage statements on each payday.  Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked over forty hours, at least the minimum wage and/or the agreed upon straight wage for all hours worked, a spread of hours premium when their workday exceeded ten hours, and to be furnished with accurate wage statements on each payday.  Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiffs and the Rule 23 Plaintiffs all have suffered injury including lack of compensation or under-compensation due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiffs' claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

<u>Adequacy</u>

26.     Plaintiffs, as described below, worked and work the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants.  Defendants did not pay Plaintiffs overtime for all hours worked over forty hours in a week, did not pay Plaintiffs at least the proper minimum wage and/or the agreed upon straight wage for all hours worked, did not

pay Plaintiffs spread of hours premium when their workday exceeded ten hours, and did not furnish Plaintiffs with accurate wage statements on each payday, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.  Plaintiffs fully anticipate providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer.  Thus, Plaintiffs would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

<u>Superiority</u>

27.    Plaintiffs have no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

28.    Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations.  Thus, separate litigation would risk inconsistent results.

29.    Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

30.    Additionally, Plaintiffs' counsel has substantial experience in this field of law.

**BACKGROUND FACTS**

31.    Defendant SSN owns, operates, and/or manages at least sixteen hospitality establishments throughout the United States, including the Hotel located at 38-05 Hunters Point Avenue, Long Island City, New York.

32.     Defendant Shri owns, operates, and/or manages hospitality establishments, including that same Hotel jointly with SSN.

33.     At all relevant times, Defendant SSN was and is listed as the employer on materials that Defendants issued to their employees working at the Hotel, such as employment manuals and employee health insurance policies.

34.     At all relevant times, Defendant Shri was and is listed as the employer on all paychecks and the inaccurate wage statements that Defendants issued and issue to their employees working at the Hotel.

35.     At all relevant times, Defendant Bhai operates and manages the Hotel, overseeing its operations on a daily basis, and is ultimately responsible for all matters with respect to hiring, firing, and disciplining Hotel employees, as well as for determining employees' rates and methods of pay and hours worked.

**Remi Yazer**

36.     In 2010, Defendant Bhai, on behalf of all Defendants, approved the hiring of Plaintiff Yazer to work as a front desk agent and night auditor in the Hotel.  Plaintiff Yazer is still employed in that capacity as of the date of commencement of this action.

37.     As a front desk agent, Plaintiff Yazer's primary duties consisted and consist of taking reservations, assisting guests, accepting and processing credit card payments for Defendants' customers, and registering room assignments and checkouts.

38.     As night auditor, Plaintiff Yazer's primary duties consisted and consist of duties similar to that of a front desk agent, with the addition of compiling daily occupancy, credit card transactions, and financial reports.

39.     In 2011 Plaintiff Yazer's duties as a front desk agent and night auditor were expanded to include that of a houseman.  Plaintiff Yazer performed and performs his houseman duties concurrently with his duties as a front desk agent and/or night auditor.

40.     As a houseman, Plaintiff Yazer's primary duties consisted and consist of making deliveries to rooms, retrieving items for guests, and performing other maintenance duties.

41.     Throughout his employment, Defendants usually required Plaintiff Yazer to work between sixty-and-110 hours per week.

42.     From the start of his employment in 2010 to approximately November 2013, Defendants agreed to pay Plaintiff Yazer a wage of $11.00 per hour and an overtime rate of $16.50 per hour.  Sometime in November 2013, Defendants agreed to increase Plaintiff Yazer's hourly wage to his current rate of $11.45 and his overtime rate to $17.18.  Defendants paid and pay Plaintiff Yazer every two weeks by check.

43.     Despite that agreement as to his straight and overtime hourly rates, Defendants paid and continue to pay Plaintiff Yazer for only some of his hours worked over forty at the statutorily-required overtime rate, and more often than not, failed and fail to pay Yazer for the vast majority of his hours worked over forty at any rate.  Usually, Defendants pay Yazer for eighty hours at his straight hourly rate (although sometimes less) and for a maximum of ten hours at his overtime premium (although many times they pay him for fewer than ten hours of overtime), while failing to pay Plaintiff Yazer for any remaining hours worked at any rate.

44.     By way of example only, during the week of Saturday, January 23, 2016 through Friday, January 29, 2016, Defendants required Plaintiff Yazer to work, and Yazer did work, the following schedule, without permitting him to take a scheduled or uninterrupted break:

Saturday, January 23, 2016: 9:45 p.m. until 4:00 p.m. the following day;

Sunday, January 24, 2016: 9:00 p.m. until 3:30 p.m. the following day;

Monday, January 25, 2016: 8:45 p.m. until 3:00 p.m. the following day;

Tuesday, January 26, 2016: 8:30 p.m. until noon the following day;

Wednesday, January 27, 2016: 3:30 p.m. until midnight;

Thursday, January 28, 2016: 4:45 p.m. until midnight;

Friday, January 29, 2016: 7:00 p.m. until 11:00 a.m. the following day.

Thus, adding up the hours for this one workweek, Yazer worked 102.5 hours.  Pursuant to his agreed upon rate, the Defendants should have paid Yazer for forty hours at his straight time rate of $11.45, or $458, and for 62.5 hours at his overtime rate of $17.18, or $1,073.75, for a total of $1,531.75 just for this week.  Yet, instead, for the entire two-week pay period, Defendants paid Yazer for eighty hours at his straight hourly wage and seven hours at his overtime hourly rate, or a total of $1,036.23, which is $495.52 less than Yazer should have received for just the one week during which he worked 102.5 hours.

45.     By way of second example, for the workweeks of March 22, 2014 to March 28, 2014 and March 29, 2014 to April 4, 2014, Plaintiff Yazer worked seventy hours each week for a total of 140 hours during the pay cycle.  Accordingly, Defendants should have paid Yazer for eighty hours at his straight time rate of $11.45, or $916, and for sixty hours at his overtime rate of $17.18, or $1,030.80, for a total of $1,946.80.  However, for the entire pay period from March 22, 2014 to April 4, 2014, Defendants paid Plaintiff Yazer only $926.25, consisting of 77.22 hours at his straight hourly wage of $11.45 and 2.45 hours at his overtime hourly rate of $17.18.

46.     Additionally, Defendants regularly required and require Plaintiff Yazer to attend staff meetings that last from two to four hours.  These meetings regularly take place outside of Plaintiff Yazer's work hours but Defendants do not compensate Yazer for his time.

47.     By way of example only, Defendants required Plaintiff Yazer to attend and Plaintiff Yazer did attend staff meetings on February 3, 2016 and February 4, 2016.  These meetings each lasted four hours and took place outside of Plaintiff's scheduled work hours. Defendants failed to compensate Plaintiff for his time at these meetings at any rate of pay.

48.     Additionally, on those occasions when Defendants required Plaintiff Yazer to work and Plaintiff Yazer did work over ten hours in a shift, which was nearly every work day, the Defendants did not compensate Yazer with an additional one hour's pay at the minimum wage rate.

49.     By way of example only, for the week of Saturday, January 23, 2016 through Friday, January 29, 2016, Defendants required Plaintiff Yazer to work, and Yazer did work, a spread of over ten hours on five separate dates as detailed above.  Defendants failed to pay Plaintiff Yazer an additional hour of pay at the minimum wage for each of those days.

50.     On each occasion when they paid Plaintiff Yazer, Defendants intentionally failed to provide Yazer with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, or his straight and overtime rates of pay for all hours worked.

**Luis R. Gonzalez**

51.      In 2010, Defendant Bhai, on behalf of all Defendants, approved the hiring of Plaintiff Gonzalez to work as a night auditor and front desk "supervisor" in the Hotel, where Plaintiff Gonzalez remained employed until January 14, 2015.

52.     Plaintiff Gonzalez's night auditing duties were the same as Plaintiff Yazer's as detailed above.

53.     As front desk "supervisor," Plaintiff Gonzalez's primary duties consisted of duties similar to that of a front desk agent, with the addition of answering questions from other front desk agents.  In this role, Plaintiff Gonzalez did not possess any authority to hire or fire employees, recommend the hiring or firing of employees, set or adjust any employees' rates of pay and hours of work, or otherwise affect the terms and conditions of employment of front desk agents.

54.     Throughout his employment, Defendants required Plaintiff Gonzalez to work between sixty and ninety hours per week, over the course of either five or six days per week.

55.     From the start of his employment in 2010 to approximately January 2014, Defendants agreed to pay Plaintiff Gonzalez a wage of $14.00 per hour and an overtime rate of $21.00 per hour.  Sometime in January 2014, Defendants agreed to increase Plaintiff Gonzalez's hourly wage to $14.57 and his overtime hourly rate to $21.86.  Defendants paid Plaintiff Gonzalez every two weeks by check.

56.     Despite that agreement as to his straight and overtime hourly rates, Defendants paid Plaintiff Gonzalez for only some of his hours worked over forty at the statutorily-required overtime rate, and more often than not, failed to pay Gonzalez for the vast majority of his hours worked over forty at any rate.  Usually, Defendants paid Gonzalez for eighty hours at his straight hourly rate (although sometimes less) and for a maximum of four hours at his overtime premium (although many times they pay him for fewer than four hours of overtime), while failing to pay Plaintiff Gonzalez for any remaining hours worked at any rate.

57.     By way of example only, during the week of Saturday, December 20, 2014 through Friday, December 26, 2014, Defendants required Plaintiff Gonzalez to work, and Gonzalez did work, the following schedule, without permitting him to take a scheduled or uninterrupted break:

> Saturday, December 20, 2014: 3:00 p.m. until 3:00 a.m. the following day;
>
> Sunday, December 21, 2014: 3:00 p.m. until 7:00 a.m. the following day;
>
> Monday, December 22, 2014: 3:00 p.m. until 3:00 a.m. the following day;
>
> Tuesday, December 23, 2014: off;
>
> Wednesday, December 24, 2014: 11:00 p.m. until 7:00 a.m. the following day;
>
> Thursday, December 25, 2014: 7:00 p.m. until 11:00 a.m. the following day;
>
> Friday, December 26, 2014: 3:00 p.m. until 7:00 a.m. the following day.

Thus, adding up the hours for this one workweek, Plaintiff Gonzalez worked eighty hours. Pursuant to his agreed upon rate, the Defendants should have paid Gonzalez for forty hours at his straight time rate of $14.57, or $582.80, and for forty hours at his overtime rate of $21.86, or $874.40, for a total of $1,457.20 just for this week.  Yet, instead, for the entire two-week pay period, Defendants paid Gonzalez for eighty hours at his straight hourly wage and approximately four hours at his overtime hourly rate, or a total of $1,253.04, which is $204.16 less than Gonzalez should have received for just the one week during which he worked eighty hours.

58.     Additionally, Defendants regularly required Plaintiff Gonzalez to attend staff meetings that lasted from two to four hours.  These meetings regularly took place outside of Plaintiff Gonzalez's work hours, but Defendants did not compensate Gonzalez for his time.

59.     By way of example only, Defendants required Plaintiff Gonzalez to attend and Plaintiff Gonzalez did attend a staff meeting on or about December 27, 2014.  The meeting lasted

four hours and took place outside of his scheduled work hours.  Defendants failed to compensate Gonzalez for his time at these meetings at any rate of pay.

60.     Additionally, on those occasions when Defendants required Plaintiff Gonzalez to work and Plaintiff Gonzalez did work over ten hours in a shift, the Defendants did not compensate Gonzalez with an additional one hour's pay at the minimum wage rate.

61.     By way of example only, for the week of Saturday, December 20, 2014 through Friday, December 26, 2014, Defendants required Plaintiff Gonzalez to work, and Gonzalez did work, a spread of over ten hours on five separate dates as detailed above.  Defendants failed to pay Plaintiff Gonzalez an additional hour of pay at the minimum wage for each of those days.

62.     On each occasion when they paid Plaintiff Gonzalez, Defendants intentionally failed to provide Gonzalez with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, or his straight and overtime rates of pay for all hours worked.

63.     Defendants treated Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described above.

64.     Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

65.     Each hour that Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the FLSA*

66.     Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

68.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

69.     Plaintiffs and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

70.     Defendants willfully violated the FLSA.

71.     Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

72.     Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

73.     Plaintiffs and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74.     NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

75.     Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCRR.

76.     Plaintiffs and Rule 23 Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

77.     Plaintiffs and Rule 23 Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

78.     Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the FLSA*

79.     Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80.     29 U.S.C. § 206(a) requires employers to compensate their employees at a rate not less than the legally prescribed minimum wage for every hour worked.

81.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

82.     Defendants failed to compensate Plaintiffs and FLSA Plaintiffs in accordance with the FLSA's minimum wage provisions.

83.     Defendants willfully violated the FLSA.

84.     At the least, Plaintiffs and FLSA Plaintiffs are entitled to pay at the minimum wage for all hours worked per week.

85.     Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's minimum wage provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages Under the NYLL and the NYCRR*

86.     Plaintiffs and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

87.     NYLL § 652(1) and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

88.     Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCRR.

89.     Defendants failed to compensate Plaintiffs and Rule 23 Plaintiffs for all hours worked in accordance with the NYLL's and NYCRR's minimum wage provisions.

90.     At the least, Plaintiffs and Rule 23 Plaintiffs are entitled to pay at the minimum wage rate for all hours worked each week.

91.     Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCRR's minimum wage provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay Wages in Violation of the NYLL*

92.     Plaintiffs and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

93.     NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

94.     Defendants failed to compensate Plaintiffs and Rule 23 Plaintiffs at the regular rate of pay for each hour that they worked in accordance with the agreed upon terms of employment.

95.     At the least, Plaintiffs and Rule 23 Plaintiffs are entitled to recover for all hours worked for Defendants but for which Defendants did not provide compensation at the regular rate of pay.

96.     Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay wages in accordance with the agreed terms of employment.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Violation of the NYLL's and the NYCRR's Spread of Hours Requirement*

97.     Plaintiffs and Rule 23 Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

98.     NYLL § 652 and 12 NYCRR § 146-1.6 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

99.     As described above, Defendants are employers within the meaning of the NYLL and NYCRR, while Plaintiffs and Rule 23 Plaintiffs are employees within the meaning of the NYLL and NYCRR.

100.    Defendant failed to provide Plaintiffs and Rule 23 Plaintiffs with spread of hours pay when their spread of hours exceeded ten hours for a particular workday.

101.    Plaintiffs and Rule 23 Plaintiffs are entitled to this extra hour of pay, at the minimum wage rate, for all days in which they worked in excess of ten hours.

21

102.   Plaintiffs and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay the required spread of hours pay.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

103.   Plaintiffs and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

104.   NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

105.   As described above, the Defendants, on each payday, failed to furnish Plaintiffs and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

106.   Prior to February 27, 2015, pursuant to NYLL § 198(1-d), the Defendants are liable to Plaintiffs and Rule 23 Plaintiffs in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

107.   On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

108.   Pursuant to FRCP 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against Plaintiffs, FLSA Plaintiffs, and/or Rule 23 Plaintiffs, for participation in any form in this litigation;

d.      Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL and NYCRR as a class action pursuant to FRCP 23;

f.      All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h.      Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees,

expert witness fees, and other costs and expenses, and an award of a service payment to Plaintiffs;

i.      Designation of Plaintiffs and their counsel as class/collective action representatives under the FRCP and the FLSA;

j.      Pre-judgment and post-judgment interest, as provided by law; and

k.      Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.


Dated:  Great Neck, New York
        April 6, 2016

                                        Respectfully submitted,

                                        BORRELLI & ASSOCIATES, P.L.L.C.
                                        *Attorneys for Plaintiffs*
                                        1010 Northern Boulevard, Suite 328
                                        Great Neck, New York 11021
                                        Tel. (516) 248-5550
                                        Fax. (516) 248-6027


                        By:     _____
                                        DONG PHUONG V. NGUYEN (DN 7326)
                                        ALEXANDER T. COLEMAN (AC 8151)
                                        MICHAEL J. BORRELLI (MB 8533)